NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SOUL'D OUT PRODUCTIONS, LLC, an Oregon limited liability company,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ANSCHUTZ ENTERTAINMENT GROUP, INC., a Colorado corporation; ANSCHUTZ CORPORATION, a Delaware corporation; GOLDENVOICE, LLC, a California company; AEG PRESENTS, LLC, a Delaware company; COACHELLA MUSIC FESTIVAL, LLC, a Delaware company,<br><br>Defendants-Appellees. | No.   19-35301<br><br>D.C. No. 3:18-cv-00598-MO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 4, 2020
Portland, Oregon

Before:  SCHROEDER, WATFORD, and HURWITZ, Circuit Judges.

Soul'd Out Productions, LLC (Soul'd Out) appeals from the district court's

dismissal of its tortious interference and unlawful competition claims against

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Anschutz Entertainment Group, Inc., et al. (collectively, AEG). To the extent the district court dismissed those claims for lack of standing, we think the court erred. Soul'd Out's allegations satisfy the Article III requirements for standing: Soul'd Out alleged a concrete and particularized injury, namely the loss of lucrative performance contracts with artists under contract with AEG; Soul'd Out also alleged that AEG's wrongful conduct caused that injury; and a judgment in Soul'd Out's favor could, either through damages or injunctive relief, redress the harm. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Although Soul'd Out is not a party to the artists' contracts with AEG, we have previously determined that an injured party may assert tort claims predicated on a contract's alleged invalidity, despite not being a party to the contract. *Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1035 n.5 (9th Cir. 2019).

To the extent that AEG attempts to defend the district court's dismissal on the basis of prudential limitations on standing, we hold that those, too, are inapplicable. It is true that a plaintiff may not bring suit solely to vindicate the rights of third parties. *See Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). But here, Soul'd Out is seeking to vindicate its own rights—namely its alleged right to enter into contracts with artists free from AEG's wrongful interference. No plaintiff is better suited to assert the tort claims alleged here, and there is therefore no prudential reason to deny Soul'd Out standing.

We express no opinion as to whether Soul'd Out has adequately stated claims for relief under either Oregon or California law, or which State's law applies to its claims. Those issues remain open for the district court to resolve in the first instance on remand.

**REVERSED and REMANDED.**